UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH B. GOFF,

    Plaintiff,

  v.                                     CAUSE NO. 3:22-CV-770-DRL-MGG

ST. JOSEPH COUNTY *et al.*,

    Defendants.

OPINION AND ORDER

Kenneth B. Goff, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Goff alleges he was subjected to inadequate medical care while housed at the St. Joseph County Jail in November of 2019.[1] Specifically, Mr. Goff alleges that, on or

---

[1] He filed a lawsuit about these same events in December of 2019, but that suit was dismissed without prejudice for failure to prosecute on September 30, 2020—the court screened his complaint, found it stated no claims, and granted him leave to amend, which Mr. Goff did not do. *See Goff v. Beacon Health*, 3:19-CV-1159-RLM-MGG (N.D. Ind. Dec. 12, 2019) at ECFs 1, 13–15. The record in that case indicates Mr. Goff was released from the St. Joseph County Jail by February of 2020. *See id.* at ECF 6.

about November 7, 2019, his eye became infected due to a chemical reaction from some hair removal cream he had applied to his head. Three days later he was subjected to a cell shakedown. Despite the officers involved in the shakedown being made aware of his eye issue, they sent him to segregation instead of the medical unit. He remained in segregation for nine days, during which time he repeatedly asked the Beacon Health medical staff (none of whom are named as defendants) for medical care but was denied. On the tenth day he was transferred to the medical unit because his face and eye were extremely swollen. The next morning, he was seen by a doctor who ordered him to be sent to the Emergency Room. Once there, the ER doctor ordered a CT scan, which showed Mr. Goff had suffered a chemical burn to his left eye "nearly causing a blood infection." ECF 1 at 5. An incision had to be made in Mr. Goff's face to relieve the pressure, and he was given antibiotics. He was then escorted back to the St. Joseph County Jail with instructions to change his bandages three times a day. Mr. Goff claims he was ignored for an additional three days until he screamed for help because his face became stuck to his bedding. He was then assisted with his bandages by a nurse.

Mr. Goff has sued nine officers and St. Joseph County for monetary damages. He states the events in question left him with a permanent scar, "tightness" in his face near the incision location, and an eyebrow that will not grow back. *Id*. at 8.

Mr. Goff's claims cannot proceed under 42 U.S.C. § 1983 because they are untimely. Suits under § 1983 borrow the statute of limitations for state personal injury claims. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Medical claims brought by prisoners are subject to a two-year statute of limitations. *See, e.g., Gilman v. Amos*, 445 Fed.

Appx. 860, 864 (7th Cir. 2011) (citing *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007) and Ind. Code § 34-11-2-4). A § 1983 claim seeking to redress a medical injury "accrues when the plaintiff knows of his physical injury and its cause. The statute of limitations starts to run when the plaintiff discovers his injury and its cause even if the full extent or severity of the injury is not yet known." *Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013).

Here, all of Mr. Goff's allegations involve events that occurred in November 2019. Mr. Goff acknowledges he was aware of his physical injury (the eye infection) and its alleged cause (the lack of response by the prison staff)—almost three years before he filed this lawsuit.

"Although the statute of limitations is an affirmative defense, dismissal under Rule 12(b)(6) . . . is appropriate if the complaint contains everything necessary to establish that the claim is untimely." *Collins v. Vill. of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017); *see also Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009) (same). Here, the allegations in Mr. Goff's complaint make it clear his claims are time-barred.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons explained, such is the case here.

3

Accordingly, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it is time-barred.

SO ORDERED.

September 15, 2022            *s/ Damon R. Leichty*
                              Judge, United States District Court